UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br>v.<br>ONESIMO MORA-DUARDO,<br><br>                              Defendant. | Case No.: 14-CR-3598-GPC<br>Related Case No.: 16-CV-187-GPC<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C § 2255** |

## I. INTRODUCTION

Petitioner, Onesimo Mora-Duardo ("Petitioner"), proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Respondent, the United States ("Respondent"), filed a response, opposing the petition. Petitioner filed his reply. For the reasons set forth below, this Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

## II. PROCEDURAL BACKGROUND

On December 16, 2014, Petitioner waived indictment and was charged by a criminal information with being a removed alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b). (Dkt. No. 9.) On January 28, 2015, Petitioner entered into

a plea agreement with Respondent. (Dkt. No. 15.) On January 28, 2015, Petitioner plead guilty to the information before the Honorable Magistrate Judge Nita L. Stormes. (Dkt. No. 16.) Prior to sentencing, both parties and the Probation Officer agreed that the base offense level of 8 should be imposed for a violation of 8 U.S.C. § 1326(a). See U.S.S.G. § 2L1.2(a) (2015). Since Petitioner had a prior felony conviction for a drug trafficking offense of possession of a controlled substance for sale, the Probation Officer's presentence report ("PSR") recommended a 16-level upward enhancement under the United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A)(i). (See Dkt. No. 18, PSR at 5.) The Government and Defendant agreed that the 16-level enhancement applied under U.S.S.G. § 2L1.2(b)(1)(A)(i) for a prior drug trafficking offense. (Dkt. No. 23, Gov't Sentencing Summary Chart at 3[1]; Dkt. No. 22, D's Sentencing Summary Chart at 1.) At the sentencing hearing, the Court imposed a 16-level upward adjustment for the aggravated felony of a drug trafficking offense. (Dkt. No. 30 at 7.)

While both the Government and Defendant's sentencing summary chart sought a Guidelines range of 77 months to 96 months prior to assessing any departures, (Dkt. No. 22 at 1; Dkt. No. 23 at 2), at sentencing, the Court reduced Defendant's Criminal History Category from Level VI to V, and taken together with granted departures, resulted in a 57-71 months Guidelines range, and ultimately, sentenced Petitioner to 52 months in custody and 18 months of supervised release. (Dkt. No. 26.)

On January 26, 2016, Petitioner filed the instant motion. (Dkt. No. 28.) On February 25, 2016, Respondent filed a Response in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence. (Dkt. No. 32.) On March 17, 2016, Petitioner filed a reply to Respondent's Motion to Deny Motion to Vacate, Set Aside or Correct

---

[1] It appears that the government's suggested 16 level enhancement for U.S.S.G. § 2L1.2(b)(1)(A)(vii) was a typographical error and in fact, Petitioner's sentence was enhanced under U.S.S.G. § 2L1.2(b)(1)(A)(i). (Dkt. No. 30 at 7.)

Sentence. (Dkt. No. 34.)[1]

## III. LEGAL STANDARD

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is made, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon." 28 U.S.C. § 2255. Denial of a Section 2255 motion, without an evidentiary hearing, is warranted if defendant's allegations, "when viewed against the record, do not state a claim for relief, or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (2003); see also Shah v. United States, 878 F.2d 1156, 1158 (1989); United States v. Hernandez, No. 07CV2355 J, 2009 WL 1178664, at *2 (S.D. Cal. May 1, 2009); Lopez-

---

[1] In his reply, Petitioner raises new arguments alleging ineffective assistance of counsel, claiming that his plea was not voluntary as he did not understand the nature of the charge and the consequences of the plea, prosecutorial misconduct for failing to disclose to him that a prior aggravated felony used to enhance his sentence is unconstitutional, and a violation of double jeopardy. (Dkt. No. 34.) These arguments are based on the underlying claim that his sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) is unconstitutional under Johnson. First, a petitioner may not raise new issues in his reply. Cedano–Viera v. Ashcroft, 324 F.3d 1062, 1066 n. 5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."). Moreover, conclusory statements without any supporting facts cannot support a claim nor sufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Lastly, since the Court rejects Petitioner's Johnson argument, the arguments raised in the reply necessarily fail.

Magana v. United States, No. 10CV2265-BEN, 2013 WL 6055274, at *7 (S.D. Cal. Nov. 13, 2013). "The standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980)).

A district court may also instead use discovery or documentary evidence, the judge's own notes and recollection of the trial proceedings and common sense to supplement the record. Shah, 878 F.2d at 1159. "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (quoting Hearst, 638 F.2d at 1194).

## IV. DISCUSSION

### A. Relief based on Johnson

In his motion, Petitioner challenges the 16-level enhancement of his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). (Dkt. No. 28.) Petitioner alleges "unconstitutionally (sic) to use, to enhance, vague, to due process, to receive more time." (Id. at 4.) In liberally construing his petition, it appears Petitioner is arguing that his sentence enhancement is unconstitutional due to the recent United States Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015), where the Court held that a residual clause of the Armed Career Criminal Act of 1984 ("ACCA") is void for vagueness. (Id.) Therefore, Petitioner asks this Court to correct his sentence because it was unconstitutionally enhanced under U.S.S.G. § 2L1.1(b)(1)(A)(i). Respondent does not address this issue in the provided response.

In this case, Petitioner's offense level was enhanced pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i) based on a prior drug trafficking conviction. A conviction under 8 U.S.C. § 1326(a), attempted illegal reentry, carries a base offense level of 8 under U.S.S.G. § 2L1.2(a). A court may increase this base, pursuant to U.S.S.G. § 2L.1.2(b)(1)(A)(i), which provides that a defendant's total offense level shall be increased by 16 levels for a felony conviction of a drug trafficking offense if the

4

defendant received a sentence exceeding 13 months. United States v. Leal-Vega, 680 F.3d 1160, 1163 (9th Cir. 2012) (quoting U.S.S.G. § 2L1.2(b)(1)(A)(i)).

In Johnson v. United States, the United States Supreme Court held that imposing an increased sentence under the residual clause of the ACCA for "any crime punishable by imprisonment for a term exceeding one year . . . that – . . . (ii) otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), violates the constitutional right to due process. Johnson, 135 S. Ct. at 2555 ("The above quoted language has come to be known as the Act's residual clause."). The ACCA "imposes a special mandatory fifteen year prison term upon felons who unlawfully possess a firearm and who also have three or more previous convictions for committing certain drug crimes or 'violent felon[ies]." Begay v. United States, 128 S. Ct. 1581, 1583 (2008); McNeill v. United States, 563 U.S. 816, 819 (2011) ("ACCA's sentencing enhancement applies to individuals who have 'three previous convictions . . . for a violent felony or a serious drug offense.'").

In Johnson, the Court held the ACCA's "residual clause" is void for vagueness and "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563. The Court explained that "[w]e are convinced that the indeterminacy of the wide-ranging inquiry by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Id. at 2557. The Court's holding was expressly confined to this portion of the statute and that the decision does not apply to the remainder of the ACCA's definition of violent felony or the four enumerated offenses nor the serious drug offense clause. See Id. at 2563.

Johnson does not apply to Petitioner's claim because Petitioner was sentenced pursuant to § 2L1.2(b)(1)(A)(i) of the U.S.S.G., rather than 18 U.S.C. § 924(e)(2)(B)(ii). See United States v. Darwin-Vargas, No. CV 16-00378-TUC-DCB, 2016 U.S. Dist. LEXIS 175084, at *3-4 (D. Ariz. Dec. 15, 2016) (holding that Johnson did not affect sentencing enhancement premised on the ACCA's "elements clause", "enumerated

5

14-CR-3598-GPC

offenses clause" or the "serious drug offense clause"); <u>Nevarez-Sanchez v. United States</u>, No. 15CR0191, 2016 WL 5464548, at *2 (S.D. Cal. Sept. 28, 2016); see also <u>United States v. Perez-Martinez</u>, No. CV 16-00408-TUC-JGZ, 2017 U.S. Dist. LEXIS 20752, at *5 (D. Ariz. Feb. 13, 2017). Furthermore, U.S.S.G. § 2L.1.2(b)(1)(A)(i) does not contain similar language to the "residual clause" at issue in <u>Johnson</u>. U.S.S.G. § 2L.1.2(b)(1)(A)(i) does not contain language about "crimes of violence" and cannot be said to be analogous to the ACCA "residual clause." <u>Nevarez-Sanchez</u>, 2016 WL 5464548, at *2 (finding that the language of U.S.S.G. § 2L.1.2(b)(1)(A)(i) does not resemble the language deemed unconstitutional in <u>Johnson</u>); <u>Darwin-Vargas</u>, 2016 U.S. Dist. LEXIS 175084, at *4. Accordingly, because Petitioner's sentence was not enhanced pursuant to the "residual clause," or a provision of the U.S. Sentencing Guidelines analogous to the "residual clause," Petitioner is not entitled to relief based on <u>Johnson</u>.

**B. Evidentiary Hearing**

Petitioner is not entitled to an evidentiary hearing because he has not "made specific factual allegations that, if true, state a claim on which relief could be granted." See <u>Schaflander</u>, 743 F.2d at 717. Petitioner has not alleged new facts in his petition, but instead his underlying claim is that <u>Johnson</u> provides relief for his sentence. The Court has determined that Petitioner's claim fails on the merits because the <u>Johnson</u> holding does not apply to his case. Thus, the Court determines there is no need for an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

Rule 11 of the Federal Rules Governing Section 2255 cases states, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. §22533(c)(2). A certificate of appealability "should issue when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

As discussed above, Petitioner's petition is without merit because the holding in <u>Johnson</u> does not apply to the sentencing enhancement provision which Petitioner challenges. The Court recognizes that no reasonable jurists would find that the petition states a valid debatable claim. Thus, the Court DENIES a certificate of appealability.

## VI. CONCLUSION

In sum, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct sentence under 28 U.S.C. § 2255.[2] The Court also DENIES Petitioner a certificate of appealability.

**IT IS SO ORDERED.**

Dated: June 20, 2017

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] On February 25, 2017, Respondent filed a Response in Opposition to Petitioner's motion, however, the Court has determined Petitioner's claim under <u>Johnson</u> to be meritless and thus, the issue of waiver of appeal and collateral attack in the Plea Agreement is not necessary to consider for denial of Petitioner's motion.